## Lavelle v. Lavelle

 

*R. B. Cohen,* for plaintiff.
*Alan D. Silverman,* for defendant.

MONTEMURO, *J.,* January 7, 1975—

## PRELIMINARY STATEMENT

The parties are separated wife and husband. Plaintiff-wife has instituted this action in equity seeking a mandatory injunction enjoining and restraining defendant-husband from entering the property at 3650 Whitehall Lane, Philadelphia, which the parties own by the entireties.

From the pleadings and proof, the court makes the following

## FINDINGS OF FACT

1. Plaintiff and defendant are wife and husband having been lawfully married on June 1, 1963.

2. The parties own as tenants by the entireties 3650 Whitehall Lane, Philadelphia, Pa.

3. There were two sons born of this marriage— James, age ten and John, age eight.

4. As a result of marital problems, plaintiff left the marital abode on January 1, 1971, and, with their two children, moved to the home of her parents. After approximately one month plaintiff moved back into the property at 3650 Whitehall Lane, together with the two children, then aged six and four, and defendant moved out.

5. From February 22, 1971, until October 18, 1974, defendant never resided at 3650 Whitehall Lane.

6. Defendant saw his children, who were then six years of age and four years of age, sporadically for about three months after he left in February of 1971 and did not see them again until October 18, 1974.

7. By a letter dated February 22, 1971, together with amendments thereto, the parties agreed as follows:

(a) Defendant would send plaintiff the sum of $130 every two weeks for the support of plaintiff and the two children;

(b) the parties were to file a joint income tax return for 1970 and divide the refund equally;

(c) the wife and children were to have exclusive possession of 3650 Whitehall Lane.

8. On August 25, 1971, an order for the support of the two children only in the amount of $75 bi-weekly was entered by Judge John Meade. The petition for the support of the wife was withdrawn on condition that the husband transfer to her the parties' property, 3650 Whitehall Lane.

9. On March 2, 1972, Judge Wright entered an order amending Judge Meade's order of August 25, 1971, to read $60 per week for wife and two children, plus $5 on the arrearages.

10. On July 11, 1974, Judge Wright amended his order of April 15, 1974, to read $65 per week for wife and two children ($25 per week for each of two children and $15 per week for the wife).

11. On October 18, 1974, defendant returned and moved back into the parties' property.

12. On October 19, 1974, defendant pushed plaintiff down the foyer steps causing her to injure her side, leg and arm.

13. On October 24, 1974, defendant, after not

having seen his children for approximately three and one-half years and having been out of the home for almost four years, had three friends over to the house in the evening and played cards for about two hours while plaintiff and the children remained in the living room.

14. The two children did not know defendant and are extremely fearful and emotionally upset at the prospect of defendant living in the house with them. At the time of the hearing, the oldest son, James, aged ten, cried genuinely and profusely when being questioned by the court.

15. This complaint in equity was filed on October 21, 1974, and defendant, on advice of counsel, voluntarily moved out of the home about October 24, 1974, until the matter was decided by the court.

16. In July of 1972, defendant borrowed $3,000 to purchase a new 1972 Malibu Chevrolet and in 1974, he borrowed $3,900 for a new 1974 Chevrolet.

## DISCUSSION

Defendant is clearly an owner of the property in question as a tenant by the entirety and, consequently, plaintiff had the burden of establishing by a preponderance of the evidence that the circumstances were such as to warrant the court to permanently enjoin defendant from living in the same household.

After a careful review of this entire record, it is clearly established that, by a letter dated February 22, 1971, together with amendments thereto, the parties agreed that defendant would send plaintiff the sum of $130 every two weeks for the support of plaintiff and the two children; that the parties were to file a joint income tax return for 1970 and divide

the refund equally and that *the wife and children* to *have exclusive possession of 3650 Whitehall Lane*.

This letter agreement of February 22, 1971, was initiated by counsel for defendant and the testimony of Stephen Robert LaCheen, Esquire, plaintiff's first lawyer, makes it abundantly clear that defendant agreed to both the original letter and also the amendments thereto which were handwritten by plaintiff with the aid and advice of counsel. There is no showing whatsoever that the agreement was anything other than a fair and arms-length agreement.

The fact that Judge Meade entered an order for the support of the two children only in the amount of $75 bi-weekly on August 25, 1971, does not amend the letter-agreement of February 22, 1971, for the reason that the wife withdrew her petition for support on condition that defendant *transfer* the property to her. Both parties were represented by counsel before Judge Meade and, of course, defendant never did transfer the property to plaintiff.

The fact that the order of support was subsequently increased to $130 bi-weekly is also not relevant because that is exactly what defendant agreed to do by the letter-agreement of February 22, 1971.

Defendant claims to be in dire financial straits and yet the record is clear that he has a propensity for brand new cars—to the tune of almost $7,000 since the final separation. As a matter of fact, defendant started paying plaintiff support in the amount of $130 every two weeks as of March of 1972, but it wasn't until October 18, 1974, that he decided to move back into the entireties property.

Under all the facts of this case, it is clear that

defendant moved back into the house for the sole purpose of harassing plaintiff and their children, whom he had not seen for about three and one-half years, and thereby hope to gain some tactical advantage in their marital dispute.

After having questioned both of the children in the presence of counsel for the parties, the court is convinced that to permit defendant to move back into the home at this time would constitute a serious detriment to the physical and emotional well being of two very impressionable young boys.

Plaintiff has established by a fair preponderance of the evidence that defendant agreed in writing to permit her and their two children to have exclusive possession of the property owned by the entireties and that defendant did in fact honor said agreement for four years.

## CONCLUSIONS OF LAW

1. Equity has jurisdiction over the cause of action and the parties.

2. Defendant entered into a legal and binding agreement giving plaintiff and their two children exclusive possession of the property owned by the entireties and situated at 3650 Whitehall Lane, Philadelphia, Pa.

3. Plaintiff is entitled to a mandatory injunction restraining defendant from moving back into the entireties property at 3650 Whitehall Lane and from interfering with plaintiff's enjoyment and use of said property.

## DECREE NISI

And now, January 7, 1975, it is ordered and decreed that defendant, James C. Lavelle, be and

382

hereby is enjoined from moving back into the property owned by the entireties at 3650 Whitehall Lane, Philadelphia, Pa., and from interfering with plaintiff's enjoyment and use of said property.

Unless exceptions are filed within 20 days of notice hereof, this decree shall be entered as of course as the final decree of the court.